Ray Clubine, Appellee, v. Louis Citro, Appellant.
Gen. No. 7,883.

1. APPEAL AND ERROR—*court must be pressed for ruling on objection.* Where record does not show court was pressed for a ruling on an objection to argument of counsel and no ruling was made, there is nothing to review.

2. EVIDENCE—*prior agreement cannot be shown by parol.* Whatever the parties may have said previous to reducing a contract to writing, the writing when executed expresses the final concurrence of the minds of the parties, in the absence of fraud or mistake, and parol evidence cannot be received to explain, change or qualify what the parties have so expressed.

3. CONTRACTS—*overreaching held not shown.* In an action for balance due under contract for construction of a dam, facts held not to show that defendant was overreached in entering into the contract.

Appeal by defendant from the County Court of Macoupin county; the Hon. FRANK G. WOOD, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed June 27, 1925.

JESSE PEEBLES and MURPHY & HEMPHILL, for appellant.

ALFRED A. ISAACS and RINAKER & RINAKER, for appellee.

MR. JUSTICE CROW delivered the opinion of the court.
Appellee entered into a written contract with appellant to construct for appellant a dam for impounding water. Money was paid on the contract from time to time as the work progressed. The description of the dam in the contract is: This dam is to be constructed at the location as now staked out on the premises and is to be approximately 111 feet wide at the bottom, 8 feet wide at the top, with an upper slope of 3 to 1 and a back slope of 2 to 1. The dirt for the dam is to be obtained by excavating in front of the dam. The provision for payments for construc-

tion is: "The owner shall pay as the full price for the construction of said dam the sum of $2,750, payable as follows: On the first and fifteenth days of each month estimates shall be made of the amount of dirt in place in the dam and the owner shall pay on those dates 90 per cent thereof at the rate of 24 cents per yard after deducting any former payments. The final payment shall be such an amount as will make the total of all payments the sum of $2,750. Payments were made from time to time upon measurements of earth, the first being $1,000 August 5, $600 August 28, $300 September 2, and $25 September 16, substantially at the intervals as provided in the contract, leaving a balance under it of $625, which appellant refused to pay and the action for that amount was brought. The declaration consisted of the common counts and a special count, as it is said, though it is not in the abstract. The general issue only was pleaded. There was a verdict and judgment for appellee and this appeal followed.

It is assigned as error that one of the attorneys for plaintiff made prejudicial remarks to the jury in his argument. Defendant is an Italian and it is said the remarks were concerning his wealth, his business acumen and sagacity. We have carefully read the remarks as abstracted, and are impressed with the conviction that if made on any other occasion than an unsuccessful jury trial, appellant could not regard them as in any way or to any extent derogatory. There is nothing in them reflecting upon his character as a citizen nor as a man of business. It is said the court did not pass on the objection to this part of the address. The record does not show he was pressed for a ruling and in the absence of such showing there is nothing to review. The presiding judge evidently did not regard it as reflecting harmfully on him in any way and in this view we concur.

It seems an engineer, who afterwards died, planned the dam to be erected across a hollow or ravine;

that in doing so he set stakes at intervals on the hill slopes and at the ends of the dam and one in the middle of the dam, and it was contended that the earth was not filled in to make the water conform to the stakes so set. A mark was made on a tree that it is said indicated the height at which the water would stand in the lake when the dam was completed. Citro showed appellee the stakes. Appellee says there were but three stakes—those indicating the ends and the middle of the dam. There was much evidence offered by defendant as to the stakes and the estimated water line. To some of the evidence objections were sustained, others overruled. Defendant also sought to prove that before the contract was entered into appellant explained fully to appellee that the stakes indicated the water level and that the dam should be constructed higher and that appellee made his computation accordingly. To this evidence objection was sustained. Instructions were offered by appellant along the same lines but they were refused. The rulings of the court in those respects are urged as reversible errors.

The cases cited and quoted by appellant have been considered but do not apply to the situation now before us and do not sustain appellant's contention. It must be observed that the most elementary doctrine with regard to written contracts is that whatever the parties may have said previous to reducing the contract to writing, the writing itself when executed expresses the final concurrence of the minds of the contracting parties in the absence of fraud or mistake, and parol evidence cannot be received to explain, change or qualify what the parties have so expressed. This is hornbook principle and requires no citation of authority, though much is available. The doctrine is concisely stated in the first, second and third instructions given to the jury at the trial and it was not error to give them.

It is claimed that appellant was overreached in

entering into the contract.  Every limitation in it as to the structure of the dam was assented to by appellant.  First, the physical structure, from one hill slope to another, the distance being known by the parties, and though not expressed, was implicitly agreed upon. Second, the width at the bottom, at the top, and the slope on front and back is stated.  Third, enough of cubic yards of dirt at 24 cents per cubic yard "to amount to the full price for the construction of said dam of $2,750," payable as stated above.  All were conditions that necessarily limited the dam to the size and dimensions for which appellee is seeking the remainder of compensation for constructing.  If the quantity of water to be impounded, and not the dimensions of the dam and the cost of constructing it, was the desideratum of appellant, he should have insisted upon that measure in his contract.  Having failed to do so, the courts will not do it for him, nor aid him as against his contract and place the loss on the contractor.  The rulings complained of on the evidence and instructions, being in harmony with these elementary principles, were not error.

The judgment of the county court is affirmed.

*Affirmed.*